UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVOOD KHADEMI, | No. 2:23-cv-00260 TLN AC PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LOS RIOS COMMUNITY DISTRICT COLLEGE, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

1

("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff was a student at Los Rios College ("ARC") in 2013-2014. ECF No. 1 at 8. Plaintiff attended ESL classes during the first semester. Id. Plaintiff alleges that defendant knowingly and maliciously participated in the violation of his student rights and services. Id. Plaintiff alleges defendants claimed that plaintiff was involved in misconduct related to a bike locker and suspended him from ARC in 2014. Id. at 2. Plaintiff alleges he was not provided proper assistance and shelter. Id. Plaintiff alleges his Fourteenth Amendment rights were violated. Id.

## III.  ANALYSIS

This case must be dismissed because it is time-barred. Plaintiff's claims are based on actions taken between 2013 and 2014. Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–394 (1989). To state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

The statute of limitations (the time period in which a plaintiff may sue) for an alleged §1983 violation is two years. Cal. Civ. Pro. § 335; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (applicable statute of limitations for Section 1983 actions is drawn from forums state's limitations period for personal injury actions; in California, a two-year limitations period was made effective as of January 1, 2003). A federal civil rights claim "accrues," and the statute of

limitations begins to run, "[w]hen the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (noting that while federal courts apply state statutes of limitation, the accrual date of a Section 1983 cause of action is a question of federal law). Thus, even under a "light most favorable" reading of plaintiff's complaint, any civil rights violation would have accrued at the latest in 2014 — at the time he left the school. Plaintiff's present complaint, filed 2023, came to this court well beyond the two-year statute of limitations. Cal. Civ. Pro. § 335; see also, e.g., Rogers v. City of Grover Beach, 2020 WL 5868038, at *3 (C.D. Cal. Aug. 21, 2020) (dismissing Section 1983 complaint based on alleged due process violation as beyond California's two-year statute of limitations, which "expire[d] two years from the time plaintiff knows or has reason to know of his injury"). Accordingly, the complaint must be dismissed with prejudice.

### IV.   PRO SE PLAINTIFF'S SUMMARY

It is being recommended that your case be dismissed with prejudice because it is based on events that occurred between 2013 and 2014. These facts are too old to serve as the basis for a §1983 claim.

### V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

DATED: April 24, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE